MFA/hmg: 2021R00559

SEALED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * CRIMINAL NO. SAG 23cr 273 |
| v. | * |
| | * (Conspiracy to Commit Wire Fraud, |
| DINARA SOSA, and | * 18 U.S.C. § 1349; Wire Fraud, 18 |
| | * U.S.C. § 1343; Aiding and Abetting, 18 |
| ELZA LIPARTIYA, | * U.S.C. § 2; Forfeiture, 18 U.S.C. § |
| | * 981(a)(1)(C), 21 U.S.C. § 853(p), 28 |
| Defendants. | * U.S.C. § 2461(c)) |
| | * |

\*\*\*\*\*\*\*

### INDICTMENT

### COUNT ONE

#### (Conspiracy to Commit Wire Fraud)

The Grand Jury for the District of Maryland charges that:

#### Relevant Individuals and Entities

At times relevant to this Indictment:

1.      Defendants **DINARA SOSA** ("**SOSA**") and **ELZA LIPARTIYA** ("**LIPARTIYA**") were sisters.

2.      **SOSA** resided in Baltimore County, Maryland.

3.      **LIPARTIYA** resided in Bucks County, Pennsylvania, and Montgomery County, Pennsylvania.

4.      Bank of America ("BOA"), Cross River Bank ("Cross River"), WebBank, and Celtic Bank ("Celtic") were federally insured financial institutions as defined in 18 U.S.C. § 20. Itria Ventures ("Itria") was an approved lender for the Payment Protection Program ("PPP"). All of these entities are hereinafter collectively referred to as the "Financial Institutions."

5.      The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses.  The mission of the SBA was to maintain and strengthen the nation's economy by supporting the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

### The Paycheck Protection Program

6.      In response to the coronavirus ("COVID-19") pandemic and economic crisis, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which authorized PPP loans to provide a direct incentive for small businesses to keep workers on the payroll.  To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was required to be signed by an authorized representative of the business.

7.      The SBA approved BOA, Cross River, WebBank, Celtic, and Itria to participate as lenders in the PPP.

8.      The PPP loan application required a small business, through its authorized representative, to acknowledge program rules and make certain affirmative certifications to obtain the PPP loan.  In the PPP loan application, the small business, through its authorized representative, was required to state, among other things, its average monthly payroll expenses, and number of employees.  These figures were used to determine qualification under the program and calculate the amount of money the small business was eligible to receive under the PPP.

9.      Entities applying for PPP loans were required to provide documentation, such as filed federal tax documents, showing payroll expenses and substantiating that each borrowing entity was in operation on or before February 15, 2020.  Required documentation included, but was not limited to, Internal Revenue Services ("IRS") Form 940 (Annual Federal Unemployment

Tax Return), IRS Form 941 (Employer's Federal Quarterly Tax Return), IRS Form 1120-S (Income Tax Return for an S Corporation), and IRS Form 1065 (Return of Partnership Income).

10.     Sole proprietorships and independent contractor businesses were eligible to receive PPP benefits, provided that the responsible individual for such entities submitted appropriate documentation regarding their income and expenses, such as the information typically reported on the IRS Form 1040, Schedule C, for a given tax year.  The Financial Institutions and loan processors used this information and documentation to calculate the amount of PPP money to be disbursed to the applying entity.  Additionally, individual businesses could only apply for, and receive, one loan in each of the two PPP draws.  Multiple loans for single entities were not permitted in either draw.

11.     The SBA required applying businesses to provide Employer Identification Numbers ("EIN"), which were numbers issued by the IRS for the purpose of tax administration and the identification of businesses. Individuals submitting applications as sole proprietors were required to provide their social security numbers ("SSN").

### The Economic Injury Disaster Loan Program

12.     The Economic Injury Disaster Loan ("EIDL") program was an SBA program that provided low-interest financing of up to $2 million to small businesses, renters, and homeowners in regions affected by declared disasters or experiencing substantial financial disruption due to the COVID-19 pandemic.

13.     The CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL.  EIDL applications were submitted directly to the SBA.  The SBA determined the advance amount based on the applicant's number of employees.

14.    In order to obtain an EIDL or an advance, applicants had to provide information about their operations, such as the number of employees, gross revenues for the 12-month period preceding January 31, 2020, and cost of goods sold ("COGS"). The representative of the applying business had to certify that all the information in the application was true and correct.

15.    The SBA calculated the loan amount based on the number of employees, gross revenues, and COGS.  EIDL funds could be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.  If an applicant also obtained a loan under the PPP, the EIDL funds could not be used for the same purpose as the PPP funds.

### The Conspiracy and the Scheme to Defraud

16.    Beginning in or around April 2020 and continuing until the date of this Indictment, in the District of Maryland and elsewhere, the defendants,

**DINARA SOSA and
ELZA LIPARTIYA,**

did knowingly and willfully, combine, conspire, and confederate with one another, and others known and unknown to the Grand Jury, to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud the Unites States and multiple financial institutions, to obtain and attempt to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme to defraud, to transmit and cause to be transmitted by means of wire communications, in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

### The Object the Scheme to Defraud

17.    It was the object of the conspiracy and scheme to defraud for **SOSA** and **LIPARTIYA** to personally enrich themselves and their family members by fraudulently obtaining

and attempting to obtain COVID-19 benefits, which they then used and intended to use for their personal benefit and the use and benefit of their friends and family.

### Manner and Means of the Scheme to Defraud

18.     It was part of the conspiracy and scheme to defraud that **SOSA, LIPARTIYA**, and their co-conspirators caused more than twenty (25) PPP loan applications to be submitted, including the following:

| Approximate Date Submitted | Company | EIN | Total Amount Requested | Financial Institution |
|---|---|---|---|---|
| 4/9/20 | RentCorp LLC | 83-3370595 | $11,250 | BOA |
| 4/29/20 | P&A Trans LLC | 85-0951799 | $12,500 | WebBank |
| 4/30/20 | Brightside | 46-3148196 | $18,985 | Celtic |
| 5/1/20 | P&A Trans LLC | 85-0951799 | $37,547.50 | WebBank |
| 5/1/20 | Brightside Management LLC | 45-5009959 | $108,335 | WebBank |
| 5/3/20 | Brightside, Inc. | 47-5015812 | Unknown | Celtic |
| 5/3/20 | P&A Trans LLC | 85-0951799 | $37,547.50 | WebBank |
| 5/4/20 | Brightside, Inc. | 47-5015812 | $89,075.00 | WebBank |
| 5/5/20 | Brightside Cleaning Services LLC | 85-0940312 | $155,942 | WebBank |
| 5/5/20 | Brightside Services | 85-0930313 | $128,240.00 | WebBank |
| 5/5/20 | P&A Trans LLC | 85-0951799 | $35,452.50 | WebBank |
| 5/5/20 | Rentcorps | 85-0933205 | $92,490 | WebBank |
| 5/6/20 | P&A Trans LLC | 85-0951799 | $52,297.50 | WebBank |
| 5/11/20 | Oscar's Paint and Contracting, Inc. | 20-4881460 | $109,165 | Celtic |
| 5/20/20 | D and M Services LLC | 45-2995789 | $127,797.50 | WebBank |
| 5/20/20 | D and M Services LLC | 45-2995789 | Unknown | Celtic |

| 1/27/21 | Brightside Services | 85-0930313 | $128,240.82 | Cross River |
| 1/27/21 | St. Paul Place LLC | 85-1127563 | $97,807.00 | Cross River |
| 1/28/21 | Brightside Services | 85-0930313 | $127,617.50 | WebBank |
| 1/29/21 | Brightside | 46-3148196 | $58,695 | Celtic |
| 2/13/21 | RentCorp LLC | 83-3370595 | $11,250 | BOA |
| 3/1/21 | Brightside Services | 85-0930313 | $127,790.00 | Itria |

19.    It was further part of the conspiracy and scheme to defraud that **SOSA,**

**LIPARTIYA,** and their co-conspirators caused more than fifteen (15) EIDL loan applications to

be submitted, including the following:

| Company/Person | Approximate Date Submitted |
|---|---|
| Brightside Cleaning Services LLC | 4/3/20 |
| Brightside Cleaning Services LLC | 4/9/20 |
| Dinara **SOSA (SOSA)** | 4/9/20 |
| P & A Trans | 6/30/20 |
| Brightside Management LLC | 7/5/20 |
| RentCorp LLC | 7/5/20 |
| St. Paul Place LLC | 7/5/20 |
| Brightside | 7/5/20 |
| Oscar's Paint and Contracting, Inc. | 7/5/20 |
| Dinara **SOSA (SOSA)** | 7/5/20 |
| Elza **LIPARTIYA (LIPARTIYA)** | 7/7/20 |
| Brightside Services | 7/7/20 |
| D and M Services LLC | 7/27/20 |
| Oscar's Contracting, LLC | 7/8/20 |
| Kastle Cleaning Services, Inc. | 9/11/20 |
| Brightside Management LLC | 1/28/21 |
| Brightside Cleaning | 1/28/21 |

20.    It was further part of the conspiracy and scheme to defraud that **SOSA,**

**LIPARTIYA,** and their co-conspirators caused and attempted to cause false information to be

provided to the Financial Institutions and SBA, in furtherance of the effort to obtain COVID-19

benefits, including submitting:

a. false and fraudulent IRS Forms 940 and 941;

b. false representations regarding the applying entity's average monthly payroll;

c. false representations regarding the number of employees of the purported businesses; and

d. false representations regarding the identity and background information pertaining to the owners and controlling persons of the applying entities.

21. It was further part of the conspiracy and scheme to defraud that in or about April 2020, **SOSA, LIPARTIYA,** and their co-conspirators used existing EINs to apply for COVID-19 benefits.

22. It was further part of the conspiracy and scheme to defraud that in or about May 2020, **SOSA, LIPARTIYA,** and their co-conspirators obtained new EINs for the purpose of applying for COVID-19 benefits.

23. It was further part of the conspiracy and scheme to defraud that **SOSA, LIPARTIYA,** and their co-conspirators used existing bank accounts, including an account held at BOA for Brightside Cleaning Service LLC, and an account at Wells Fargo Bank for P&A Trans, in order to receive disbursements of COVID-19 benefits.

24. It was further part of the conspiracy and scheme to defraud that **SOSA, LIPARTIYA,** and their co-conspirators opened multiple new bank accounts in order to receive disbursements of COVID-19 benefits.

25. It was further part of the conspiracy and scheme to defraud that **SOSA, LIPARTIYA,** and their co-conspirators created and used multiple email accounts to communicate with each other, the Financial Institutions, and the SBA.

26.    It was further part of the conspiracy and scheme to defraud that **SOSA**, **LIPARTIYA**, and their co-conspirators used the internet and IP addresses associated with their respective residences, including 108.15.33.202, which originated at **SOSA**'s residence, and 100.11.244.14, which originated at **LIPARTIYA's** residence, when applying for COVID-19 benefits.

27.    It was further part of the conspiracy and scheme to defraud that **SOSA**, and her co-conspirators provided false and fraudulent bank statements in support of their PPP applications that actually belonged to accounts for other entities, including a purported BOA bank statement submitted in support of a PPP loan request to Celtic on behalf of "Brightside" (with EIN ending in 5812) that belonged to "Brightside Cleaning Services LLC" (with EIN ending in 8196).

28.    It was further part of the conspiracy and scheme to defraud that **SOSA**, **LIPARTIYA**, and their co-conspirators caused and attempted to cause multiple loan applications for the same entities to be submitted.

29.    It was further part of the conspiracy and scheme to defraud that in or about May 2020, **SOSA** submitted PPP loan applications on behalf of D and M Services LLC, while separately submitting information to PNC for other purposes in which **SOSA** asserted that D and M Services LLC had not been in operation since 2013.

30.    It was further part of the conspiracy and scheme to defraud that **SOSA**, and one of her relatives caused and attempted to cause three PPP loan applications to be submitted on behalf of Oscar's Paint and Contracting, Inc., that were ultimately funded for $109,165.00. **SOSA** later caused and attempted to cause an EIDL application to be submitted for Oscar's Paint and Contracting, Inc., that was ultimately funded for $150,000.00. The applications were fraudulently submitted with EIN 20-4881460, rather than the true EIN 20-4881260.

31. It was further part of the conspiracy and scheme to defraud that the EIDL and PPP loans that **SOSA, LIPARTIYA,** and their co-conspirators caused to be submitted resulted in interstate wire communications, including from Maryland to other states.

32. It was further part of the conspiracy and scheme to defraud that **SOSA, LIPARTIYA,** and their co-conspirators sent electronic messages that resulted in interstate wire communications.

33. It was further part of the conspiracy and scheme to defraud that **SOSA, LIPARTIYA,** and their co-conspirators engaged and attempted to engage in financial transactions that resulted in interstate wire communications.

34. It was further part of the conspiracy and scheme to defraud that **SOSA, LIPARTIYA,** and their co-conspirators fraudulently obtained more than $1,000,000 in PPP funds.

35. It was further part of the conspiracy and scheme to defraud that **SOSA, LIPARTIYA,** and their co-conspirators fraudulently obtained more than $500,000 in EIDL funds.

36. It was further part of the conspiracy and scheme to defraud that **SOSA, LIPARTIYA,** and their co-conspirators together fraudulently attempted to obtain more than $3.5 million in COVID-19 benefits.

18 U.S.C. § 1349

## COUNTS TWO THROUGH TEN

### (Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1–15, and 17–36 of Count One of this Indictment are incorporated here by reference.

2.      Beginning in or around April 2020 and continuing through the date of this Indictment, in the District of Maryland and elsewhere, the defendants,

**DINARA SOSA and
ELZA LIPARTIYA,**

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud the Unites States and multiple financial institutions, to obtain and attempt to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme to defraud, did knowingly and willfully transmit and cause to be transmitted by means of wire communications, in interstate and foreign commerce, writings, signs, signals, pictures, and sounds (the "scheme to defraud"), in violation of 18 U.S.C. § 1343.

10

## THE CHARGES

3. On or about the dates set forth, in the District of Maryland and elsewhere, the defendants,

**DINARA SOSA and
ELZA LIPARTIYA,**

for the purposes of executing and attempting to execute the scheme and artifice to defraud the described above, did knowingly and willfully transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signals and signs and sounds, as set forth below:

| COUNT | DATE | DEFENDANT | DESCRIPTION | INTERSTATE WIRE COMMUNICATION DETAILS |
|---|---|---|---|---|
| 2 | 5/1/2020 | SOSA | Application to WebBank for PPP loan benefits on behalf of "Brightside Management, LLC" (EIN ending 9959) | From Maryland to a location outside Maryland |
| 3 | 5/1/2020 | **LIPARTIYA** | Email from **LIPARTIYA** to **SOSA,** which included an image of **LIPARTIYA's** driver's license and a bank statement | From a location outside of Maryland to Maryland |
| 4 | 5/3/2020 | SOSA | Application to Celtic for PPP loan benefits on behalf of "Brightside" (EIN ending 5812) | From Maryland to a location outside Maryland |
| 5 | 5/4/2020 | SOSA | Application to WebBank for PPP loan benefits on behalf of "Brightside" (EIN ending 5812) | From Maryland to a location outside Maryland |
| 6 | 5/5/2020 | SOSA | Application to WebBank for PPP loan benefits on behalf of "Brightside Services" (EIN ending 0313) | From Maryland to a location outside Maryland |
| 7 | 5/10/2020 | SOSA | Application to WebBank for PPP loan benefits on behalf of Oscar's Paint and Contracting, Inc (EIN ending 1460) | From Maryland to a location outside Maryland |

11

| 8 | 5/20/2020 | SOSA | Application to WebBank for PPP loan benefits on behalf of D and M Services LLC (EIN ending 5789) | From Maryland to a location outside Maryland |
| 9 | 5/20/2020 | SOSA | Application to Celtic for PPP loan benefits on behalf of D and M Services LLC (EIN ending 5789) | From Maryland to a location outside Maryland |
| 10 | 7/5/2020 | SOSA | Application to the SBA for EIDL loan benefits on behalf of Oscar's Paint and Contracting, Inc (EIN ending 1460) | From Maryland to a location outside Maryland |

18 U.S.C. § 1343
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of a defendant's conviction of any offenses set forth in this Indictment.

### Wire Fraud Forfeiture

2.      Upon conviction of any offense in Counts One through Ten of this Indictment,

**DINARA SOSA, and
ELZA LIPARTIYA,**

the defendants herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including, but not limited to, a money judgment for each defendant representing the proceeds obtained from participation in the scheme to defraud.

### Substitute Assets

3.      If any of the property described above, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

13

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C.

§ 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)


_____
Erek L. Barron
United States Attorney


A TRUE BILL


__SIGNATURE REDACTED__          ___8|8|23___
Foreperson                                      Date

14